# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE SCOTTI, | : | No. 3:10cv1538 |
|     Plaintiff | : | |
| v. | : | (Judge Munley) |
| USAA CASUALTY INSURANCE COMPANY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the court for disposition is the defendant's motion to strike certain paragraphs from the plaintiff's breach of contract claim and to stay the plaintiff's bad faith claim. The motion has been fully briefed and is ripe for disposition.

## BACKGROUND

Plaintiff Jacqueline Scotti ("Scotti") was injured in a car accident on March 23, 2009 in South Abington Township, Pennsylvania. (Compl. ¶¶ 3, 4 (Doc. 2)). Scotti alleges that the accident was caused by the negligence of Frank J. DeRigge ("the tortfeasor") who failed to stop for a traffic signal. (Id. ¶¶ 4, 5). Scotti alleges that the tortfeasor was insured by AAA Mid-Atlantic Insurance Company with a bodily injury liability limit of $100,000.00. (Id. ¶ 10). Scotti alleges that this limit is insufficient to compensate her for her injuries. (Id. ¶ 11). At the time of the accident, Scotti was insured by Defendant USAA Casualty Insurance Company ("USAA Casualty"), under a policy which provided underinsured motorist coverage. (Id. ¶¶ 12 - 15).

On November 11, 2009, Scotti informed USAA Casualty that she intended to pursue an underinsured motorist claim. (Id. ¶ 18). Scotti authorized the release of her medical and wage information and that information was provided to USAA Casualty. (Id. ¶¶ 22 -26). Subsequently, USAA Casualty indicated to Scotti that arbitration would not

apply to her claim and the her claim remained unresolved because her treatment was ongoing.  (Id. ¶¶ 27 - 28).

On June 3, 2010 Scotti filed her complaint in the Court of Common Pleas of Lackawanna County.  (Doc. 2).  The complaint raises two claims.  Count I claims a breach of contract.  Count II claims a violation of Pennsylvania's bad faith statute, 42 PA. CONS. STAT. ANN. § 8371.  After the complaint was served, USAA Casualty filed a notice of removal on July 23, 2010.  (Doc. 1).  On July 30, 2010, USAA Casualty filed the instant motion to strike certain paragraphs from the plaintiff's breach of contract claim and to stay the plaintiff's bad faith claim, bringing the case to its present posture.  (Doc. 6).

**JURISDICTION**

Plaintiff is a resident and citizen of Pennsylvania.  (Compl. ¶ 1).  The complaint indicates that Defendant USAA Casualty has its principal place of business in Texas.  (Id. ¶ 3).  USAA Casualty is incorporated under the laws of Texas.  (Notice of Removal ¶ 41 (Doc. 1)).  Thus, USAA Casualty is a citizen of Texas.  Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has removal jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (a defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter).

**DISCUSSION**

USAA Casualty's motion seeks, first, an order striking any non-contractual or bad faith allegations from Scotti's claim for breach of

2

contract under Count I, and, second, an order staying Scotti's claim for bad faith under Count II. We will address each request in turn.

**1. Strike Allegations from Breach of Contract Claim[1]**

USAA Casualty seeks an order striking paragraphs 32 - 36 from the complaint under Federal Rule of Civil Procedure 12 (f). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.' The Court has 'considerable discretion' in disposing of a motion to strike under Rule 12(f)." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (citations omitted) (quoting North Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa.1994)). The basis of a court's determination on a motion to strike is limited to the pleadings. North Penn, 521 F. Supp. at 159.

The paragraphs of which USAA Casualty complains state:

> 32. Defendant . . . has failed objectively and fairly to evaluate the Plaintiff's claim.
>
> 33. Defendant . . . has failed to promptly offer the reasonable [value] of the claim to the Plaintiff. . . .
>
> 34. Defendant . . . failed reasonably to investigate Plaintiff's claim [inasmuch] as a thorough and proper inquiry would have revealed that the Plaintiff . . . sustained injuries and will continue to suffer from severe and permanent injuries . . . .
>
> 35. As the insurer of the Plaintiff . . . , the

---

[1] USAA Casualty also seeks an order striking attorney's fees and punitive damages from Scotti's prayer for relief. (See Compl. at *ad damnum* clause (Doc. 2 at 10)). This request will be granted as Scotti concedes that she is not eligible for such relief under a claim for breach of contract. (See Pl.'s Br. Opp. 5 (Doc. 12)).

3

> Defendant . . . owes a fiduciary duty, contractual and statutory obligation to her to investigate, evaluate and negotiate her underinsurance motorist claim in good faith and arrive at a prompt, fair and equitable settlement.
>
> 36. For the reasons set forth above, Defendant . . . has violated its obligations under the policy of insurance.

(Compl. ¶¶ 32 - 36). USAA Casualty argues that to make out a claim for breach of contract, Scotti must prove "that she is legally entitled to recover compensatory damages from the alleged tortfeasor, that the amount of said damages exceed the alleged tortfeasor's bodily injury liability limits, and, if so, by how much." (Def.'s Br. Supp. 1(Doc. 9)). USAA Casualty argues that paragraphs thirty-two to thirty-six improperly import phrases more often associated with bad faith, which might prejudice USAA Casualty before a jury.

Reading the complaint, the court determines that it would not be appropriate to strike paragraphs thirty-two through thirty-six. After making a fair reading of the complaint, the court cannot say that the allegations are "redundant, immaterial, impertinent, or scandalous" such that the interests of justice require the drastic remedy requested. The court is confident that this case can be managed such that USAA Casualty would not be prejudiced before a jury in the course of defending these allegations. Accordingly, the motion will be denied.

**2. Stay Bad Faith Claim**

USAA Casualty also requests that the court stay Scotti's claim for bad faith in Count II of the complaint until a determination of Count I is made. USAA Casualty points out that "to recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim."

Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994). Thus, USAA Casualty argues, insofar as Scotti has not succeeded on her claim for breach of contract, there is no basis for her bad faith claim under 42 PA. CONS. STAT. ANN. § 8371. In support of its argument, USAA Casualty cites a string of cases indicating that a bad faith action cannot lie where it has been determined that there has been no breach of a duty under the insurance contract. See, e.g., Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751, n.9 (3d Cir. 1999) (there can be no bad faith action for an insurance company's failure to defend the insured where it has been a judicial determination that there was no coverage). That uncontroversial proposition however, does not necessitate staying a bad faith action where an accompanying breach of contract claim has not yet been disposed– as here. Additionally, we find that the interests of judicial economy would be better served by taking discovery on the two claims simultaneously, rather than potentially having to take discovery first on Scotti's breach of contract claim and then again on her bad faith claim. Accordingly, USAA Casualty's request for a stay will be denied.

**CONCLUSION**

For the reasons stated above, USAA Casualty's motion to strike certain paragraphs from the complaint regarding plaintiff's breach of contract claim will be denied. Additionally, USAA Casualty's request that this court stay the plaintiff's bad faith claim will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACQUELINE SCOTTI,** | : | No. 3:10cv1538 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| **USAA CASUALTY INSURANCE COMPANY,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 10th day of February 2011, upon consideration of the Defendant's motion (Doc. 6), it is HEREBY **ORDERED** that the motion is **GRANTED**, in part, and **DENIED**, in part, as follows:

- Defendant's motion to strike certain paragraphs from the Plaintiff's complaint regarding Plaintiff's breach of contract claim is **DENIED**
- Defendant's request for a stay the Plaintiff's bad faith claim is **DENIED**
- Defendant's request for an order striking attorney's fees and punitive damages from Plaintiff's's prayer for relief based within Count I is **GRANTED** as unopposed.

The Defendant shall answer the complaint within twenty days of this order.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**